UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23389-CIV-ALTONAGA/Goodman

**BENCOMO ENTERPRISES**,

    Plaintiff,

v.

**UNITED SPECIALTY
INSURANCE COMPANY**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, United Specialty Insurance Company's Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint [ECF No. 22], filed October 4, 2018. Plaintiff, Bencomo Enterprises, filed a Response in Opposition [ECF No. 24] to which Defendant filed a Reply [ECF No. 25]. The Court has carefully considered the Amended Complaint [ECF No. 19], the parties' submissions, the record, and applicable law. For the following reasons, the Motion is granted.

## I. BACKGROUND

Plaintiff is the owner of insured commercial property located in Miami, Florida. (*See* Am. Compl. ¶ 2). Defendant issues commercial and homeowner insurance policies in Florida. (*See id.* ¶ 3). In consideration for premiums timely and fully paid, Defendant issued a contract of commercial property insurance (the "Policy") for Plaintiff's property, and it was in full force and effect at the time of the loss. (*See id.* ¶¶ 4–6).

On December 6, 2016, Plaintiff's insured property suffered a covered loss under the Policy. (*See id.* ¶ 8). Plaintiff timely reported the loss to Defendant. (*See id.* ¶ 9). To date,

Defendant has paid Plaintiff $83,457.04 and $35,910.49, in two separate payments, for Plaintiff's loss under the Policy. (*See id.* ¶ 20).

Defendant does not deny coverage and admits some of the loss is covered under the Policy. (*See id.* ¶ 16). Nevertheless, the parties dispute the amount Defendant owes Plaintiff and the specific coverage available under the Policy. (*See id.*). Because of these disagreements, the parties participated in an appraisal proceeding as required by the Policy. (*See id.*). The appraisal panel signed an appraisal award, calculating Plaintiff's losses to be $685,082.97. (*See id.* ¶ 19). Defendant has not paid Plaintiff since the appraisal award. (*See id.* ¶ 20).

On June 28, 2018, Plaintiff brought suit in the Eleventh Judicial Circuit in Miami-Dade County, Florida against Defendant asserting claims for declaratory relief and breach of contract. (*See* State Court Complaint [ECF No. 1-2]). On August 21, 2018, Defendant removed the case on the basis of diversity jurisdiction under 28 U.S.C. section 1332. (*See* Notice of Removal [ECF No. 1] ¶ 4). Defendant then moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (*see* [ECF No. 7]), which the Court granted without prejudice after Plaintiff failed to file a timely memorandum of law opposing the Motion (*see* September 13, 2018 Order [ECF No. 18]).

On September 24, 2018, Plaintiff filed its Amended Complaint, which is the subject of the present Motion. The Amended Complaint states two claims for relief: first, Plaintiff asks the Court to confirm the entire appraisal award (Count 1) (*see* Am. Compl. ¶¶ 15–21); and second, Plaintiff brings a claim under the Florida Declaratory Judgment Act for a declaration of its rights under the insurance contract (Count 2) (*see id.* ¶¶ 22–34).

## II.    LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012).

On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)). Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *see also Sinaltrainal*, 578 F.3d at 1260 ("[U]nwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [a] plaintiff's allegations."

(alterations added; internal quotation marks omitted) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005); other citation omitted)).

The scope of review on a motion to dismiss under Rule 12(b)(6) is limited to the four corners of the complaint. *See Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citation omitted). Yet, the court "may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Id.* (internal quotation marks omitted) (quoting *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010); other citation omitted).

### III. ANALYSIS

#### A. Count I — Confirmation of Appraisal Award

Defendant first moves to dismiss Plaintiff's claim to confirm the appraisal award. (*See* Mot. 5). Defendant asserts there is no cognizable claim for confirmation of an appraisal award in Florida. (*See id.* 5–6). Defendant relies on *State Farm Florida Insurance Company v. Gonzalez*, 76 So. 3d 34 (Fla. 3d DCA 2011), and *Jin Zhi Star Limited LLC v. American Zurich Insurance Co.*, No. 08-61191-CIV, 2012 WL 12859815 (S.D. Fla. Jan 26, 2012), to support its position. (*See* Mot. 5–6). Plaintiff disagrees, contending Defendant's citation to *Jin Zhi Star* is not "well taken because it is inapposite to" what the court actually stated. (Resp. 2).

The Court agrees with Defendant that Plaintiff states a possible *motion* for relief, rather than a viable *claim* for relief. In *Gonzalez*, Florida's Third District Court of Appeal reversed the trial court's order granting insured's "Petition to Confirm Appraisal Award," because the trial court had "erroneously rejected [insurer's] argument that a Petition to Confirm is not authorized and that the Arbitration Code is not applicable to appraisal awards." *Gonzalez*, 76 So. 3d at 37

(alteration added; citations omitted). The court remanded the case to the trial court, instructing the insured to "file a complaint *alleging a viable cause of action* against" the insurer. *Id.* at 38 (emphasis added). While *Gonzalez*'s holding was limited to the application of the Arbitration Code to the confirmation of appraisal awards (an issue not before the Court), the *Gonzalez* court also implied that confirmation of an appraisal award is not a "viable cause of action" against an insurer under Florida law. (*Id.*). Certainly, the Court considers this dictum in resolving whether Plaintiff pleads a viable claim under Florida law. *See Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1326 n.5 (11th Cir. 2005) ("[A] federal court attempting to forecast state law must consider whatever might lend it insight, including . . . considered dicta . . . ." (internal quotation marks and citation omitted; alterations added)).

Numerous courts have corroborated the dictum in *Gonzalez* by treating a request for confirmation of an appraisal award as a motion for relief, rather than as an independent cause of action. *See Chateaubleau Villas Condo Assoc., Inc. v. Mt. Hawley Ins.*, No. 08-23180-CIV, 2010 WL 4923116, at *3 (S.D. Fla. July 7, 2010) ("Motions to confirm appraisal awards have been granted when there is a dispute regarding the existence of liability . . . ." (alteration added; citations omitted)). Indeed, motions to confirm appraisal awards are raised in actions where plaintiffs plead either a claim for declaratory relief or a claim of breach of contract. *See, e.g.*, *Sands on the Ocean Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 05-14362-CIV, 2009 WL 790120, at *1 (S.D. Fla. Mar. 24, 2009) (resolving the plaintiff's motion to confirm appraisal award where the complaint contained claims for declaratory relief and breach of contract). Finally, while *Jin Zhi Star* does not expressly state that the confirmation of an appraisal award is not a viable claim for relief, it does hold that where a plaintiff asserts a claim for declaratory relief, the claim is viable and a basis through which to advance a motion to confirm an appraisal award.

*See Jin Zhi Star Lt. LLC*, 2012 WL 12859815, at *1.

Plaintiff also contends that under Florida law, Defendant cannot challenge coverage as to any part of the appraisal award and the Court must therefore confirm the appraisal award in full. (*See* Resp. 3). Initially, the Court notes that even if true, Plaintiff's alternative argument cannot save its otherwise unviable claim. *Cf. Cady & Cady Studios, Inc. v. State Farm Fire & Cas. Co.*, 320 F. Supp. 3d 1283, 1284 (N.D. Fla. 2018) (holding the plaintiff's claim "does not state a cause of action under Florida law" because it is "not a viable cause of action in Florida") (citation omitted)).

In any event, the Policy contains an appraisal provision that unambiguously allows either party to dispute causation on any portion of the appraisal award and have the court resolve disputed coverage issues under the Policy. (*See* Reply 1–2). The Policy states:

> [T]he appraisal shall not[] address which categories of the award, if any, are covered by this policy. The parties retain the right to have a court of competent jurisdiction determine which elements of the appraisal, if any, are covered under this policy based on the facts determined by the appraisal, the policy and applicable law. They also retain the right to have the court determine the cause(s) of the damage appraised, if there is any post-appraisal disagreement concerning causation.

(Loss Conditions — Appraisal Amendatory Endorsement [ECF No. 19] 18[1] at § 2 (alterations added)). The appraisal provision allows Defendant to challenge coverage as to any part of the appraisal award. Therefore, even if an independent claim to confirm an appraisal award existed in Florida, Plaintiff's claim — construed as a request to confirm the appraisal award in full before any coverage or causation determination by the Court — is foreclosed by the Policy's plain language. *See Zodiac Grp., Inc. v. Axis Surplus Ins. Co.*, 542 F. App'x 844, 848 (11th Cir. 2013) (affirming district court's order granting motion to dismiss "because [of] the plain

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

language of the Policy . . . ." (alterations added); *see also id.* ("If the language used in an insurance policy is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning of the language . . . ." (quoting *Geico Gen. Ins. Co. v. Virtual Imaging Servs., Inc.*, 141 So. 3d 147, 157 (Fla. 2013); alteration added)).

Plaintiff thus fails to state a claim for relief in Count I.

**B. Count II — Declaratory Judgment**

Defendant also moves to dismiss Plaintiff's claim for declaratory relief. (*See* Mot. 9). Defendant makes two principal arguments. First, Defendant contends the claim fails to identify any issues that require the Court's declaration. (*See id.* 6–8). Second, Defendant contends the Court should dismiss the claim as superfluous because a breach of contract claim will resolve all the disputed issues (*see id.* 8–9). The Court addresses each argument in turn.

*i.   Whether Count II Sufficiently States a Claim for Declaratory Relief*

First, Defendant states it cannot ascertain what declaratory relief Plaintiff is seeking. (*See id.* 7). Plaintiff does not respond to this point other than to state it "would like the Court to confirm the award," given the "appraisal has taken place." (Resp. 6).

The Court agrees with Defendant that, as pled, Plaintiff's claim for declaratory relief does not state a claim for relief. Plaintiff appears to recite factual allegations about the parties' dispute over *portions* of the appraisal award. (*See* Am. Compl. ¶¶ 22–34). Plaintiff acknowledges that "Defendant did not deny coverage," "Defendant admitted that some of the loss was covered," and the "parties [only] disagreed as to the amount of damages and coverage available under the Policy." (*Id.* ¶ 16 (alteration added)). Even though Plaintiff recognizes the parties' dispute is over causation and coverage as to portions of the appraisal award, Plaintiff asks the Court to declare rights and obligations that have nothing to do with the appraisal award.

7

Indeed, Plaintiff asks the Court to declare it "is entitled to the coverage and the rights afforded under the Policy, and that Defendant has an obligation to provide coverage for the Claim;" that "Defendant shall specifically perform under the Policy, and acknowledge coverage under the Policy for the Claim;" and that the Court should "[e]nforce the terms, conditions, rights or obligations under the Policy." (*Id.* 5 (alteration added)).

Rather than seek relief the Court can provide, Plaintiff appears to request a general declaration that the rights and obligations of the Policy be enforced and that there is coverage for Plaintiff's insurance claim – assertions Defendant does not dispute. (*See* Mot. 4). Plaintiff's request for general declaratory relief is insufficient at the motion-to-dismiss stage. *See Great Am. Ins. Co. v. Pino Kaoba & Assocs., Inc.*, No. 08-20847-CIV, 2008 WL 11333253, at *2 (S.D. Fla. Dec. 8, 2008) (dismissing claim for declaratory relief because it is "unclear" and amounts to a "request for a declaration as to the rights of [the] parties [which] is overly general and does indicate precisely what rights it pertains to . . . ." (alterations added)). Additionally, as Defendant does not dispute that at least some of the loss is covered under the Policy, Plaintiff's request for declaratory relief, as pled, "does not allege any future act or conduct about which [it] is uncertain and needs guidance — an allegation that is essential for such a claim to survive a motion to dismiss." *Laborde v. GMAC Mortg., LLC*, No. 1:13-CV-00221, 2013 WL 12061841, at *9 (N.D. Ga. Apr. 25, 2013) (alteration added; citation omitted)).

Defendant nevertheless recognizes "there could be a cognizable cause of action as to the causation determination . . . ." (Mot. 8 (alteration added)). The Court agrees. While the Court could infer Plaintiff wants the Court to determine the outstanding coverage and causation issues between the parties through its claim for declaratory relief, such is not the claim that appears and the Court will not do Plaintiff's job for it. *See Helman v. Udren Law Offices, P.C.*, No. 0:14-

CV-60808, 2015 WL 1565335, at *5 (S.D. Fla. Apr. 8, 2015) (dismissing the plaintiff's claim for declaratory relief given that the specific relief plaintiff sought is "unclear" and reasoning "although the [c]ourt could infer that [plaintiff] is seeking a [certain declaration] . . . the [c]ourt simply cannot discern whether this is, in fact, one of the grounds upon which [p]laintiff's declaratory count is premised." (alterations added)).

Plaintiff thus fails to state a claim for relief in Count II.

  *ii.*  *Whether Count II is Duplicative of a Breach of Contract Claim*

Defendant also argues Plaintiff's claim for declaratory relief is duplicative and should be dismissed. (*See* Mot. 8–9 (citing cases)). Defendant curiously references the duplicative claim of "breach of contract" (*id.* 8), and acknowledges "Plaintiff could assert a potentially cognizable breach of contract claim" on the issue of whether Defendant "owes under the terms of the insurance policy any additional amounts above and beyond the payments issued by [Defendant] pursuant to the Appraisal Award . . . ." (*id.* 8–9 (alterations added)). Defendant insists the parties' "dispute can and should be resolved through a breach of contract claim" and the Court should exercise its discretion and deny Plaintiff's claim for declaratory relief. (Reply 3).

Plaintiff disagrees, insisting it states a plausible claim for relief under the Florida Declaratory Judgment Act. (*See* Resp. 4 (citing cases)). Plaintiff argues the cases on which Defendant relies "do not even apply Florida's Declaratory Judgment Act . . . and instead apply the Federal Declaratory Judgment Act . . . ." (*Id.* 4–5 (alterations added)).

Plaintiff's argument fails to persuade. While Plaintiff purports to assert a claim for declaratory relief under the Florida Declaratory Judgment Act, the Court applies the federal Declaratory Judgment Act, 28 U.S.C. section 2201, because this case was removed to federal court on the basis of diversity jurisdiction. *See Incredible Investments, LLC v. Fernandez-*

*Rundle*, 984 F. Supp. 2d 1318, 1323–24 (S.D. Fla. 2013) (citing cases)).

Nevertheless, the Court also cannot agree with Defendant. The Court will not prematurely decline to entertain a sufficiently pled claim for declaratory relief on the basis of a hypothetical breach of contract claim. *See Charboneau v. Quinn*, No. 5:99-CV-192-OC-10C, 2000 WL 1203512, at *2 (M.D. Fla. Feb. 24, 2000) (declining to address defendants' "additional arguments in anticipation of hypothetical claims" not contained in plaintiff's complaint because such arguments "are premature").

### IV. CONCLUSION

Being fully advised, it is

**ORDERED AND ADJUDGED** that Defendant, United Specialty Insurance Company's Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint **[ECF No. 22]** is **GRANTED**. The Amended Complaint **[ECF No. 19]** is **DISMISSED without prejudice**. Given the deadline to amend pleadings passed on October 18, 2018 (*see* Order Setting Trial and Pre-Trial Schedule **[ECF No. 16]**), Plaintiff, Bencomo Enterprises, has until **November 15, 2018** to file a second amended complaint that addresses the deficiencies outlined in this Order. This will be Plaintiff's final opportunity to amend its pleading.

**DONE AND ORDERED** in Miami, Florida, this 8th day of November, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record